# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CODY LEE ANDERSON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | 4:21-CV-1472 RWS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on movant's amended motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255. The amended motion to vacate appears to be time-barred, and the Court will order movant to show cause why the amended motion to vacate should not be summarily dismissed.

## Background

On April 18, 2017, movant pled guilty to felon in possession of a firearm – armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). *See United States v. Anderson*, Case No. 4:17-CR-00023 RWS (E.D. Mo.). On October 27, 2017, the Court sentenced movant to 144 months' imprisonment, followed by two years of supervised release. *Id.*

Movant appealed his conviction and sentence to the Eighth Circuit Court of Appeals. *See United States v. Anderson,* No. 18-1964 (8th Cir. 2018). The Eighth Circuit dismissed the appeal as untimely on May 7, 2018. The mandate was issued on May 29, 2018. *Id.* Movant did not appeal his conviction and sentence to the Supreme Court of the United States.

**Movant's Motions and Supplemental Motions to Vacate**

On December 8, 2021, movant placed a document in the prison mailing system at the Federal Correctional Institution in Coleman, Florida, titled, "Complaint." The Court construed movant's motion as one brought pursuant to 28 U.S.C. § 2255. The motion was accompanied by a separate application to proceed in forma pauperis[1], as well as a motion for appointment of counsel.

On December 16, 2021, the Court ordered movant to amend his motion to vacate on a court-provided form within twenty-one (21) days. Movant filed an amended motion to vacate on December 28, 2021.  Movant's claims center around what he perceives to be wrongful calculation of his criminal history which purportedly resulted in him being treated as an Armed Career Criminal at the time of his sentencing.

The gist of movant's arguments within his amended motion to vacate, as well as his supplemental motions to the Court, appear to be that his presentencing report determined that he was an Armed Career Criminal based on four counts of the sale and/or distribution of controlled substances. Movant alleges that his only prior was for a distribution charge at the age of 20 years old. *See State v. Anderson,* No. 1111-CR00963-01 (11th Judicial Circuit, St. Charles County Court). He states that based on this he was improperly enhanced as an Armed Career Criminal.

---

[1] Because there is no filing fee for a § 2255 motion, movant need not be granted in forma pauperis status in order to maintain this action. *See* Rule 3, Advisory Committee Notes of the Rules Governing Section 2255 Proceedings. The Court will deny movant's motion to proceed in forma pauperis without prejudice.

**Discussion**

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(f)(1) and is subject to summary dismissal. For a defendant who does not file a petition for a writ of certiorari, the judgment of conviction becomes final when the time for filing a certiorari petition with the United States Supreme Court expires. *Clay v. United States*, 537 U.S. 522, 527 (2003). Under the Rules of the Supreme Court of the United States, the time to file a petition for writ of

certiorari is ninety days after the date of entry of the judgment appealed from. Supreme Court Rule 13(1). The time does not run from the date of mandate. *Id.*; *Clay*, 537 U.S. at 527, 529. A § 2255 movant therefore has one year and ninety days from the judgment of the Court of Appeals to file a § 2255 motion.

In this case, the instant motion was signed by and placed in the prison mail system by movant on December 8, 2021. Therefore, movant had until August 15, 2019, to file his motion to vacate in this Court. Movant seemingly understands that his motion to vacate is untimely filed based on his assertions in his amended motion to vacate.

Under the section titled, "Timeliness of Motion," movant asserts that he has been "lame to the facts of the laws." Additionally, he states that he has spent time in state prison without access to the law library or legal texts since his sentencing. Movant also states that due to the Covid-19 pandemic the law library and/or legal computers at his institution was often closed or overcrowded. Movant also claims that because he cooperated with the government, he previously had to live in protective custody for almost a year, and he had "next to no time" for legal research. He states that at his current institution, FCI Coleman, he does not always have access to his legal materials or the law library or legal help.

The one-year limitations period may be equitably tolled when a movant establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGugliemo*, 544 U.S. 408, 418 (2005); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). This doctrine, however, gives a habeas petitioner "an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). "Pro se status, lack of legal knowledge or legal resources, confusion

4

about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); *Kreutzer*, 231 F.3d at 463 (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

The Eighth Circuit Court of Appeals has repeatedly held that faulty legal assistance alone does not warrant equitable tolling of the statute of limitations. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("[i]neffective assistance of counsel generally does not warrant equitable tolling"); *Sellers v. Burt*, 168 Fed. Appx. 132, 133 (8th Cir. 2006) (unpublished opinion) (rejecting argument that the statute of limitations should be tolled "because his state post-conviction attorney failed to communicate with him and did not send his case file"); *Greene v. Washington*, 14 Fed. Appx. 736, 737 (8th Cir. 2001) (rejecting equitable tolling argument based on alleged mistake by post-conviction attorney) (unpublished opinion); *Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003) (finding no equitable tolling where petitioner alleged attorney did not perform adequately at trial, did not vigorously pursue a motion to suppress, knew petitioner could not assist in her defense, and stated that "no other court would hear her case").

Courts have concluded that the COVID-19 pandemic "could—in certain circumstances—conceivably warrant equitable tolling" for § 2255 motions. *United States v. Haro*, No. 8:18CR66, 2020 WL 5653520, at *4 (D. Neb. Sept. 23, 2020). These "certain circumstances" involve defendants who had been pursuing their rights diligently and would have timely filed if not for external obstacles caused by COVID-19. The District of Nevada, for example, granted a defendant's COVID-19-based request for equitable tolling because the pandemic had halted

5

prevented counsel from obtaining court records. *See Dunn v. Baca*, No. 3:19-CV-702 MMD-WGC, 2020 WL 2525772, at *2 (D. Nev. May 18, 2020). But the court in that case had "little to no doubt that [the defendant and his counsel were] pursuing [the defendant's] rights diligently." *Id.*; *see also Cowan v. Davis*, No. 1:19-CV-00745-DAD, 2020 WL 4698968 (E.D. Cal. Aug. 13, 2020).

In several cases, § 2255 petitioners have sought equitable tolling due to prison lockdowns and the closure of prison law libraries because of COVID-19. In those cases, "prisoners are not entitled to equitable tolling if there is no evidence that they diligently pursued their right to file a § 2255 motion" prior to the lockdown. *United States v. Lionel Thomas*, No. CR 18-135, 2020 WL 7229705, at *2 (E.D. La. Dec. 8, 2020); *see also United States v. Barnes*, No. 18-CR-0154-CVE, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020) (assuming a COVID-19-related lockdown "delayed defendant's ability to file his motion," but concluding equitable tolling was unwarranted because the defendant did not demonstrate he diligently pursued his claims).

In this case, movant's statute of limitations expired almost six months prior to the Covid-19 pandemic occurring in the United States in the Spring of 2020. As such, movant's assertions that the Covid-19 pandemic caused delay in the filing of his motion to vacate seem doubtful. Similarly, movant's assertions that he lacked access to the law library do not appear to sustain an argument for equitable tolling. He has not alleged that he lacked access to writing materials, the mail or the Court system. And lack of legal resources, alone, cannot provide equitable tolling.

For these reasons, movant will be required to show cause why this action should not be dismissed as time-barred. To the extent he believes he is entitled to the defense of equitable tolling,

6

he must provide facts showing that he has pursued his rights diligently or that extraordinary circumstances prevented him from presenting his claims in a timely fashion.

## Motion for Appointment of Counsel

Movant moves for appointment of counsel. After considering the motion and the pleadings, the motion is denied without prejudice at this time.

There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the movant has presented non-frivolous allegations supporting his prayer for relief; (2) whether the movant will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the movant's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Although movant has presented non-frivolous allegations in his amended motion to vacate, he has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex. As such, movant's motion for appointment of counsel will be denied at this time.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to proceed in forma pauperis [ECF No. 2] is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that movant shall show cause, in writing and no later than twenty-one (21) days from the date of this Order, why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that movant's motion for appointment of counsel [ECF No. 3] is **DENIED at this time.**

**IT IS FURTHER ORDERED** that respondent's motion to dismiss [ECF No. 9] is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, his § 2255 motion will be dismissed without further proceedings.

Dated this 7th day of March, 2022.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE