UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CODY LEE ANDERSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-1472 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on movant's response to the Order to Show Cause. On March 7, 2022, the Court reviewed movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. [ECF No. 2]. Based on that review, the Court determined that the motion was untimely and directed movant to show cause as to why it should not be denied and dismissed. Movant filed a response on April 8, 2022. [ECF No. 22]. For the reasons discussed below, movant's 28 U.S.C. § 2255 motion must be denied and dismissed as time-barred.

### Background

Movant is a self-represented litigant currently incarcerated at the United States Penitentiary in Marion, Illinois. On April 18, 2017, movant pled guilty to felon in possession of a firearm – armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). *See United States v. Anderson*, Case No. 4:17-CR-00023 RWS (E.D. Mo.). On October 27, 2017, the Court sentenced movant to 144 months' imprisonment, followed by two years of supervised release. *Id.*

Movant appealed his conviction and sentence to the Eighth Circuit Court of Appeals. *See United States v. Anderson,* No. 18-1964 (8th Cir. 2018). The Eighth Circuit dismissed the appeal as

untimely on May 7, 2018. The mandate was issued on May 29, 2018. *Id.* Movant did not appeal his conviction and sentence to the Supreme Court of the United States.

## Movant's Motions and Supplemental Motions to Vacate

On December 8, 2021, movant placed a document in the prison mailing system at the Federal Correctional Institution in Coleman, Florida, titled, "Complaint." The Court construed movant's motion as one brought pursuant to 28 U.S.C. § 2255. [ECF No. 1].

On December 16, 2021, the Court ordered movant to amend his motion to vacate on a court-provided form within twenty-one (21) days. [ECF No. 4]. Movant filed an amended motion to vacate on December 28, 2021.  [ECF. No. 7]. Movant's claims center around what he perceives to be wrongful calculation of his criminal history which purportedly resulted in him being treated as an Armed Career Criminal at the time of his sentencing.

The gist of movant's arguments within his amended motion to vacate, as well as his supplemental motions to the Court, filed on February 14 and 15, 2022 [ECF Nos. 10 and 14], appear to be that his presentencing report determined that he was an Armed Career Criminal based on four counts of the sale and/or distribution of controlled substances. Movant alleges that his only prior was for a distribution charge at the age of 20 years old. *See State v. Anderson,* No. 1111-CR00963-01 (11th Judicial Circuit, St. Charles County Court). He states that based on his prior charge he was improperly enhanced as an Armed Career Criminal.

On April 6, 2022, movant filed an additional supplemental motion to vacate asserting that because his criminal history prior was distribution of marijuana, he may be able to have his prior charge expunged if the MORE Act was eventually passed by Congress.[1] [ECF No. 21].

---

[1]House Resolution 3617, the Marijuana Opportunity Reinvestment and Expungement Act (MORE Act), was proposed in the 117th Congress on May 28, 2021. It would remove marijuana from the list of scheduled substances under the Controlled Substances Act and eliminate criminal penalties for an individual who manufactures, distributes or possesses marijuana. Although the proposed bill would establish a process to

On April 29, 2022, movant filed a fourth supplemental motion asserting that because the State of Missouri could soon legalize marijuana, the State could expunge all marijuana state charges from its records.[2] [ECF No. 25]. Additionally, movant argues that President Biden made a promise that he remains committed to releasing inmates from federal prison who have been convicted on marijuana-related cases. Movant also argues that he is entitled to relief under the First Step Act, and he refers to the arguments alleged in his First Step motion brought in his criminal case. *See United States v. Anderson*, 4:17CR23 RWS (E.D.Mo), ECF No. 59.[3]

On May 2, 2022, movant filed his fifth supplemental motion to vacate. [ECF No. 27]. In the motion, movant seeks to "enter new evidence relating to equitable tolling." He asks the Court to take judicial notice of the Eighth Circuit case of *Williams v. United States*, 976 F.3d 781 (8th Cir 2020).

### Order to Show Cause

On March 7, 2022, the Court determined that movant's 28 U.S.C. § 2255 motion appeared untimely. [ECF No. 15]. The Court directed movant to show cause why his motion should not be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (stating that before dismissing a case for untimeliness, a court must afford the movant fair notice and an opportunity to present his position). Movant was provided given twenty-one (21) days to submit a response.

---

expunge convictions and conduct sentencing review hearings related to federal cannabis offenses, this Act has not yet been passed in the Senate. It is currently referred to the Senate Committee on Finance for review. *See* Summary of H.R.3617 – 117th Congress (2021-2022) @ https://www.congress.gov/bill/117th-congress/house-bill/3617.

[2]It is unclear which State of Missouri initiative movant is referring to. The Legal Missouri ballot initiative, which appears to have the most backing in Missouri, proposes a process for Missourians with nonviolent marijuana-related offenses to automatically expunge their criminal records. *See* Legal Missouri 2022 @ https://www.legalmo22.com/.

[3]Movant's arguments under the First Step Act will be addressed in his criminal case under movant's motion for reduction in sentence under 18 U.S.C. § 3582.

However, because movant was transferred during this time-period, the Court provided movant an extension of time to respond to the Order to Show Cause. Movant filed his response brief on April 8, 2022. [ECF No. 22].

## Discussion

Movant has filed a 28 U.S.C. § 2255 motion seeking to vacate his sentence. For the reasons discussed below, the motion will be denied and dismissed as time-barred. Furthermore, there is no basis on which to apply equitable tolling.

### A. Statute of Limitations

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period. *Peden v. United States*, 914 F.3d 1151, 1152 (8th Cir. 2019). The limitations period runs from the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In practice, however, the one-year statute of limitations "usually means that a prisoner must file a motion within one year of the date on which the judgment of conviction becomes final." *Mora-Higuera v. United States*, 914 F.3d 1152, 1154 (8th Cir. 2019).

Pursuant to 28 U.S.C. § 2255(f)(1), the one-year limitations period runs from "the date on which the judgment of conviction becomes final." If a movant has filed a direct appeal, his judgment becomes final ninety (90) days after the United States Court of Appeals for the Eighth Circuit issues its ruling. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (holding that "[f]or the purpose of starting the clock on § 2255's one-year limitation period…a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction"); and *United States v. Hernandez*, 436 F.3d 851, 856 (8th Cir. 2006) (explaining that movant's conviction became final "ninety days after this court issued its ruling on his direct appeal"). Because movant filed a direct appeal in his criminal case, he had one year and ninety (90) days from the date of the issuance of the judgment in the Eighth Circuit Court of Appeals to file his motion to vacate in this Court. Or, to state the matter more clearly, movant had one 455 days from May 7, 2018, to timely file a 28 U.S.C. § 2255 motion. That period expired on Monday, August 5, 2019.

In this case, movant's motion to vacate was signed by movant and placed in the prison mail system at the Federal Correctional Institution in Coleman, Florida, on December 8, 2021.[4] Therefore, his motion is untimely by more than two years, four months and three days.

**B. Equitable Tolling**

The limitations period for 28 U.S.C. § 2255 motions is not jurisdictional and is therefore subject to the doctrine of equitable tolling. *English v. United States*, 840 F.3d 957, 958 (8th Cir. 2016). Nevertheless, the doctrine of equitable tolling provides an "exceedingly narrow window of relief." *Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2013). "The one-year statute of

---

[4]Under the prisoner mailbox rule, a 28 U.S.C. § 2255 motion is deemed timely filed when an inmate deposits it in the prison mail system prior to the expiration of the filing deadline. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999).

limitation may be equitably tolled only if the movant shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013). The extraordinary circumstances must not be attributable to the movant and must be beyond his or her control. *Byers v. United States*, 561 F.3d 832, 836 (8th Cir. 2009). The movant must also demonstrate that he acted with due diligence in pursuing his petition. *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006). The use of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002).

Movant asserts several bases for equitable tolling in his briefs. The Court will address each of movant's arguments in turn. Movant first asserts that he was "lame to the facts of the law" and spent time in state prison without access to a law library or legal texts after his sentencing in federal court. Movant also alleges that he was living in protective custody for almost a year, and he had "next to no time" for legal research. Movant states that due to the COVID-19 pandemic the law library and/or legal computers at his institution were often closed or overcrowded

Equitable tolling is applicable when "the government's conduct lulled the movant into inaction through reliance on that conduct." *United States v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006). However, "confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Id*. *See also United States v. Mendez*, 860 F.3d 1147, 1151 (8th Cir. 2017) (stating that "a pro se litigant's misunderstanding of the relevant law and limitations periods does not justify equitable tolling"). Equitable tolling is also not warranted by a pro se litigant's lack of legal knowledge or resources. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th

Cir. 2000); and *United States v. Bell*, 68 Fed. Appx. 762, 2003 WL 21523470, at *2 (8th Cir. 2003) (applying *Kreutzer* to a § 2255 motion).

Regarding movant's allegation regarding the COVID-19 pandemic, the Court notes that COVID-19 is the name of the disease caused by the novel coronavirus known as SARS-CoV-2, which originated in China, and has spread globally, resulting in the declaration of a national emergency. *See* Pres. Proc. No. 9994, 85 Fed. Reg. 15337, 2020 WL 1272563 (Mar. 13, 2020). In the United States, the virus has resulted in hundreds of thousands of cases, and tens of thousands of deaths. *See In re Rutledge*, 956 F.3d 1018, 1023 (8th Cir. 2020).

According to the presidential proclamation declaring a national emergency, the Secretary of Health and Human Services declared a public health emergency on January 31, 2020. Taking that date as the start of the pandemic in the United States, movant's motion to vacate was due prior to the start of the pandemic, on August 5, 2019. Thus, the COVID-19 pandemic cannot provide a basis for equitable tolling in this instance. *See, e.g., United States v. Lionel Thomas*, No. CR 18-135, 2020 WL 7229705, at *2 (E.D. La. Dec. 8, 2020) ("prisoners are not entitled to equitable tolling if there is no evidence that they diligently pursued their right to file a § 2255 motion" prior to the lockdown); *see also United States v. Barnes*, No. 18-CR-0154-CVE, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020) (assuming a COVID-19-related lockdown "delayed defendant's ability to file his motion," but concluding equitable tolling was unwarranted because the defendant did not demonstrate he diligently pursued his claims).

Even assuming that movant would not have been able to file his motion before the pandemic, he has still failed to establish how his modified lockdown status prevented him from timely filing his motion before the one-year limitations period ended on August 5, 2019. Movant has not provided any additional *legal bases* for equitable tolling between May of 2018 and early

August of 2019. Thus, the Court cannot say that equitable tolling appears to be warranted in this instance.

Nonetheless, the Court will address movant's assertions that he is entitled to equitable tolling under the holding of the Eighth Circuit case of *Williams v. United States*, 976 F.3d 781 (8th Cir 2020). A review of the case finds that there are no grounds in *Williams* that provide for equitable tolling in this action.

Christopher Williams pled guilty, without a plea agreement, to possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced him to 190 months' imprisonment pursuant to the Armed Career Criminal Act (ACCA). He appealed his sentence to the Eighth Circuit Court of Appeals. The salient issue in Mr. Williams' case related to whether his prior crimes for enhancement purposes, two of which occurred on the same day, could be counted as sequential rather than simultaneous.

On September 13, 1995, Williams sold cocaine base and was convicted of one count of violating Mo.Rev.Stat. § 195.211 in May 1999. On or about July 25, July 27, and August 1, 2000, Williams sold cocaine and was convicted of three counts of violating Mo.Rev.Stat. § 195.211 in October 2002. The presentence investigation report (PSR) concluded that Williams had "at least three prior convictions for a serious drug offense, which were committed on different occasions," thus authorizing an enhanced sentence under the ACCA—a statutory minimum of 180 months and a guidelines range of 180-210 months (which included a 3-level reduction for acceptance of responsibility).

Williams, by counsel, objected to the PSR's conclusion, arguing "[i]t was an ongoing business of dealing drugs" and that "because they were resolved the same day they constitute one continuous occasion and therefore he would only have two controlled substance convictions that

8

count." Although the government initially recommended a sentence of 180 months' imprisonment, after Williams asserted several times that he wished to represent himself pro se to preserve his objections on appeal, the government questioned his acceptance of responsibility and recommended a higher sentence of 192 months' imprisonment. Williams was ultimately sentenced to 190 months' imprisonment.

In addition to other arguments, the Eighth Circuit reviewed Williams' argument that the District Court violated his constitutional rights to due process and a jury trial by finding that his prior convictions occurred on different occasions, precipitating an ACCA sentence. On September 30, 2020, the Eighth Circuit upheld the District Court's finding that Williams' priors qualified as enhancements under the ACCA. *Williams v. United States*, 976 F.3d 781 (8ᵗʰ Cir 2020).

Williams appealed the Eighth Circuit decision by filing a writ of certiorari with the Supreme Court on April 16, 2021. *Williams v. United States*, No. 20-7798 (2021). The Supreme Court reversed and remanded the case on April 4, 2022, in accordance with their opinion in *Wooden v. United States*, 142 S.Ct. 1063 (2022) (explaining the ACCA's separate occasions requirement by stating that although the separate-occasions analysis is "multi-factored," "[c]ourts ... have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart").[5]

---

[5] In *Wooden v. United States,* 142 S.Ct. 1063 (2022), the Supreme Court held that the ACCA does not apply to a person who has committed multiple offenses during a single criminal transaction. Wooden was convicted of burglarizing ten storage units on the same evening, and the government argued that these convictions satisfied the ACCA's requirement of three or more violent felonies "committed on occasions different from one another." In comparing Wooden's case to an Eighth Circuit case in which that court held that the ACCA applied to Samuel Petty, who was convicted on several charges after he robbed multiple people in a restaurant, the Supreme Court explained, "A person who has robbed a restaurant and done nothing else, is not a 'habitual offender[ ]' or a 'career criminal[ ].'" *Id*. Both Petty and Wooden's convictions "arose from a closely related set of acts occurring on the same night, at the same place—making up ... 'a single criminal episode.'" *Id*. So "Wooden did not become a career criminal when he moved from the second storage unit to the third, as Petty did not when he moved from the second to the third of the restaurant's patrons." *Id.*

The Eighth Circuit Court of Appeals considered the remand in *Williams* on May 13, 2022. *See United States v. Williams*, No. 19-2235, 2022 WL 1510779 (8th Cir., May 13, 2022). The Court of Appeals determined that considering *Wooden*, the best course of action was to remand the matter to the District Court for a "new factual determination on the issue of whether Williams had three prior convictions committed on different occasions." Thus, the matter is currently pending before the United States District Court for the Western District of Missouri.

This Court cannot find bases for equitable tolling in the decision of the Supreme Court to reverse *Williams* through *Wooden*, 142 S.Ct. 1063 (2022), or in the Eighth Circuit's original opinion in *Williams v. United States*, 976 F.3d 781 (8th Cir 2020). To the extent movant is asserting that this Court should apply the substantive nature of the holding in *Wooden* to this action, the Court finds these assertions to be without merit at this time.[6]

For these reasons, movant has not demonstrated that he is entitled to equitable tolling, and his motion to vacate is subject to dismissal.

**C. Summary Dismissal**

Under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must dismiss a motion if it is plainly apparent from the motion, any attached exhibits, and the record of prior proceedings, that the moving party is not entitled to relief. As discussed above, it is plainly apparent that movant is not entitled to relief, as his 28 U.S.C. § 2255 motion is untimely. Furthermore, movant has not adequately demonstrated grounds for

---

[6]Movant's sales of controlled substances occurred on or about September 20, 2010, September 27, 2010, and October 7, 2010. He appears to be arguing that *Wooden's* reach over the ACCA, and the facts in his case, may be broader than first glance. Movant, however, has not argued that *Wooden* provides a new rule of constitutional law made retroactive to cases on collateral review such that a new statute of limitations under § 2255(f)(3) could begin. *See, e.g., Teague v. Lane*, 489 U.S. 288 (1989). And as noted above, he is time-barred from filing the present action.

10

applying equitable tolling to his motion. Therefore, movant's 28 U.S.C. § 2255 motion must be denied, and this action dismissed.

### D.  Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Movant has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct illegal sentence pursuant to 28 U.S.C. § 2255 [ECF No. 1] is **DENIED AND DISMISSED** as time-barred. *See* 28 U.S.C. § 2255(f). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

**IT IS FURTHER ORDERED** that movant's motion requesting that the instant case be sealed [ECF No. 23] is **DENIED**.

Dated this 19th day of May, 2022.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE